**UNITED STATES of America**

**v.**

**Efrain MUNOZ–VILLALBA, Appellant.**

**No. 06–4082.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 25, 2007.

Filed: Oct. 5, 2007.

William A. Behe, Office of United States Attorney, Harrisburg, PA, for United States of America.

Samuel Rivera, Rivera Law Firm, Harrisburg, PA, for Appellant.

Before: McKEE, BARRY, and FISHER, Circuit Judges.

OPINION

BARRY, Circuit Judge.

Appellant, Efrain Munoz–Villalba, challenges the District Court's order denying his motion to suppress evidence. Because we find no error, we will affirm.

## I.

On June 22, 2005, Munoz–Villalba was indicted for possession with intent to distribute heroin and methamphetamine, conspiracy to do the same, and possession of a firearm in furtherance of a drug trafficking crime. Munoz–Villalba moved to suppress evidence seized from his car and the District Court held an evidentiary hearing on October 11, 2005.

At that hearing, Munoz–Villalba and Pennsylvania State Police Troopers Marlin Foulds and Tony Todaro testified as to the events of June 4, 2005, when Munoz–Villalba was stopped by Foulds for speeding on Interstate 76. A passenger, Thomas Guerrero, was in the car. The legality of, and the facts surrounding, the initial stop are not in question. After stopping the car, Foulds questioned Munoz–Villalba and, upon further investigation, determined that the car, which was rented by someone other than Munoz–Villalba, had been driven approximately 3000 miles in just fourteen days. Foulds also determined that Munoz–Villalba, who claimed to be driving to Reading, Pennsylvania, was traveling in the wrong direction. Suspicious, and confident that Munoz–Villalba would likely consent to a search of the car, Foulds called for assistance. Trooper Todaro arrived shortly thereafter.

After asking Munoz–Villalba to exit the car, Foulds gave him a citation for speeding, asked him to sign the citation to acknowledge receipt, and explained the process of responding. Foulds returned Munoz–Villalba's identification and told him that he was free to leave. Munoz–Villalba then asked Foulds for directions. After giving those directions, Foulds asked Munoz–Villalba if he had any weapons or drugs in the car. Following Munoz–Villalba's negative response, Foulds asked "if he would mind us looking." App. at 18.

According to the testimony of Foulds and Todaro, Munoz–Villalba consented to the search. Had he not, said Foulds, he would have been free to leave. Munoz–Villalba, however, contends that he responded by asking if the search was necessary. He testified that, following his response, the troopers forcibly moved both he and Guerrero to the side of the road and searched the car.

Upon searching the car, Todaro found, inside a small box in the trunk, a large baggy filled with narcotics. Munoz–Villalba and Guerrero were arrested. A subsequent search of the car pursuant to a warrant yielded a loaded handgun.

By memorandum and order dated November 15, 2005, the District Court denied Munoz–Villalba's motion to suppress the seized evidence. App. at 2–18; *United States v. Munoz–Villalba*, No. 05–248, 2005 WL 3050164, 2005 U.S. Dist. LEXIS 28974 (M.D.Pa. Nov. 15, 2005). On April 11, 2006, pursuant to a conditional plea agreement, Munoz–Villalba pleaded guilty

to possession with intent to distribute 100 grams of heroin.

Munoz–Villalba timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

On an appeal of a district court's denial of a motion to suppress, we review the court's finding of the underlying facts for clear error and accord plenary review to its application of the law to those facts. *See United States v. Givan,* 320 F.3d 452, 458 (3d Cir.2003). A district court's finding that a defendant's consent to search was voluntarily given is a factual determination that is subject to review for clear error. *See id.* at 459.

Munoz–Villalba argues that Foulds and Todaro had no reasonable suspicion to permit the continuing questioning of him after the citation was issued and that, having refused to consent to the search of his car, that search was unconstitutional. We disagree.

First, we must determine if, following the issuance of the citation, Munoz–Villalba was seized, because, given all the circumstances, a reasonable person would not have felt free to disregard the police and leave the area. *See United States v. Kim,* 27 F.3d 947, 950–51 (3d Cir.1994). As the District Court pointed out, we have previously explained that " '[a] traffic stop may become a consensual encounter, requiring no reasonable suspicion, if the officer returns the license and registration and asks questions without further constraining the driver by an overbearing show of authority.' " *United States v. Wilson,* 413 F.3d 382, 386–87 (3d Cir.2005) (quoting *United States v. West,* 219 F.3d 1171, 1176 (10th Cir.2000)).

■ Considering all the surrounding circumstances, the District Court con-cluded that "Munoz–Villalba's continued encounter with Trooper Foulds was consensual and did not amount to continued detention." App. at 14; *Munoz–Villalba,* 2005 WL 3050164, at *7, 2005 U.S. Dist. LEXIS 28974, at *20–21. We agree. Munoz–Villalba testified that, after Foulds returned his identification and told him that he was free to leave, it was he who extended the discussion—asking Foulds for directions and the location of the next exit. Furthermore, there is no evidence that Foulds or Todaro acted in a coercive way or that the circumstances surrounding the encounter—during daylight on the side of the Pennsylvania Turnpike—added to whatever level of intimidation may have earlier existed. *See Wilson,* 413 F.3d at 387–88.

■ Second, we must determine if the District Court properly credited the testimony of the troopers that Munoz–Villalba consented to the search. The Court stated that "[a]lthough Munoz–Villalba's testimony differs greatly from that of the officers . . . upon consideration of the demeanor of the witnesses and the testimony given at the hearing, the Court credits the troopers' testimony at hearing. The Court finds that Munoz–Villalba gave the Troopers oral consent to search the vehicle." App. at 10; *Munoz–Villalba,* 2005 WL 3050164, at *5, 2005 U.S. Dist. LEXIS 28974, at *14. We cannot say that this finding was clearly erroneous.

■ Finally, we must consider whether the District Court properly found that Munoz–Villalba's consent was freely and voluntarily given. In making this determination, a district court must consider the "totality of the circumstances," including, but not limited to, "the setting in which the consent was obtained, the parties' verbal and non-verbal actions, and the age, intelligence, and educational background of the

consenting individual." *Givan*, 320 F.3d at 459. Because we find sufficient support for the District Court's finding that Munoz–Villalba's consent was voluntarily given, we conclude that this finding, too, was not clearly erroneous.

Munoz–Villalba gave his consent to the search after being told that he was free to leave the scene and after engaging in a discussion about directions with Foulds. All of this occurred during the daylight hours, on the side of the Pennsylvania Turnpike, and with the three cars arranged such that Munoz–Villalba could have easily left the scene. As noted above, there is no evidence that Foulds or Todaro engaged in any coercive or aggressive behavior. And, although the District Court observed that "English is not Munoz–Villalba's first language and [he] requested the periodic assistance of a Spanish interpreter during his testimony at hearing," he "was able to understand most of the questions posed to him in English during the hearing and respond in English" and that by testifying that he responded to Foulds' request to search the vehicle by asking if such a search was "necessary," he "indicated that he understood the request." App. at 10; *Munoz–Villalba*, 2005 WL 3050164, at *5, 2005 U.S. Dist. LEXIS 28974, at *15. We therefore find no clear error.

### III.

For the foregoing reasons, we will affirm the judgment of the District Court.